NOT DESIGNATED FOR PUBLICATION

No. 115,783

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Paternity of A. T., a minor child, by and through his Natural Father and Next Friend, KIMARIO DWAYNE ANDERSON,
*Appellant*,

v.

AZEB AREGAYE TESFU,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed September 30, 2016. Reversed and remanded with directions.

*Kimario D. Anderson*, appellant pro se.

*Azeb A. Tesfu*, appellee pro se.

Before PIERRON, P.J., ATCHESON and ARNOLD-BURGER, JJ.

*Per Curiam*: When a court has jurisdiction to make a child-custody determination it may "decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum." K.S.A. 2015 Supp. 23-37,207(a). However, before making such a decision, the court must give the parties an opportunity "to submit information" and "shall consider all relevant factors" including eight specifically listed factors in K.S.A. 2015 Supp. 23-37,207(b). In this case, the district court determined that Kansas was an inconvenient forum in which to consider Kimario Anderson's (Father) request for

1

additional parenting time and stayed the case pending commencement of proceedings in Washington. However, the district court failed to give the parties the opportunity to present information concerning the appropriateness of Kansas as a forum before declaring, *sua sponte*, that it was not an appropriate forum. Accordingly, we find the district court abused its discretion. We reverse the district court's order staying the case, and we remand the case to the district court with directions to specifically consider the statutory factors listed in K.S.A. 2015 Supp. 23-37,207(b) after giving the parties an opportunity to present information.

FACTUAL AND PROCEDURAL HISTORY

Father and Azeb Aregaye Tesfu (Mother) are the parents of a son, A.T., born in 2004. Father and Mother were never married. Several months after A.T.'s birth, Father filed a paternity action in Sedgwick County, where all parties resided. Mother, likewise, filed a cross-petition to determine paternity. In March 2005, the district court entered a judgment and decree of paternity based upon an agreed journal entry. Father was named the natural and legal father of A.T., and the district court ordered the birth certificate to be amended to reflect the same and the child's name changed to Father's surname of Anderson. The parties were given joint custody of A.T. Mother was given primary residential custody, and parenting time was set out in the order. The parties acknowledged the statutory requirement that notice be provided if they planned to move the child out of state. The order noted that such a change of address could justify a modification regarding child custody and support. Father was ordered to pay $225 per month child support.

Mother and A.T. moved to Seattle, King County, Washington, in 2006, where she and A.T. have resided ever since. A.T. has never returned to Kansas. Mother claims she gave Father the required 30-day notice of the move, and Father claims he did not receive notice. Father claims that after the child moved, he "didn't have time to come in and do

2

modifications." So no objections were filed to Mother's move. Later in 2007, Father stated he visited A.T. in Washington, although Mother denies this claim. Both agree that Father visited A.T. in Washington in 2011.

In 2009, Father filed a motion to modify child support which was later dismissed. In 2013, an order was entered regarding Father's arrearage on child support and ordering additional payments be made. In February 2016, Father filed a motion to modify visitation/parenting time. He claimed in the motion that he was being denied visitation with A.T. He sought regular visits, including visits in Kansas, where he resides.

At the hearing, in which both parents appeared pro se—Father in person and Mother by telephone from Washington—the district court judge raised the issue of jurisdiction *sua sponte*.

After listening to Father explain that he believed Mother was denying him access to A.T., the district judge interrupted and began to question whether jurisdiction was appropriate in Kansas. Father interjected to say that he simply wanted the court to enforce the Kansas child custody order already entered in the case. The district judge replied by saying that he was not deciding whether Mother violated the order because "a decade has rolled by." Confirming that Mother and A.T. had lived in Washington for 10 years, the district judge stated:

> "[I]t will be the order of the Court that under the UCCJEA, the jurisdiction for this case is
> in the county that you live in, ma'am, in Seattle."

When Mother asked to interrupt and provide more information, the district judge stopped her and stated:

"All right ma'am—ma'am, I'm going to cut you off there because that is—that is definitely something that you'll be able to litigate but this needs to be resolved in the King County Court, not in Sedgwick County, Kansas. Based on the—based on the jurisdictional aspects of the Kansas law I'm finding that jurisdiction of this matter is in King County and that the Sedgwick County court doesn't have any jurisdiction. So you can both tell me that the other person has lied. You can both tell me any of those things, but it doesn't matter because I don't have—-after this point, after this passage of time, jurisdiction to make any orders with regards to this.

"Sir, what you are saying about Judge Yost making the [original custody] orders is all correct, but this needs to be resolved in King County court."

Father was clearly confused by the court's order and asked a few more questions. When the district judge suggested he talk to an attorney in Seattle, Father told the district judge he had no intention of moving to Washington and he was confused about whether the Washington court would allow his son to visit him in Kansas. The district judge told Father that he was basing his decision on the Uniform Child Custody Jurisdiction Enforcement Act (UCCJEA) and that if Washington law was like Kansas law, the court would take into account his son's wishes. Subsequently, the judge entered a minute order, expanding on his oral ruling, which stated the following:

"Court finds that jurisdiction lies in King County (Seattle), Washington, and that Sedgwick County is forum non conveniens. By agreement of parties, mother/respondent and child moved to Seattle over 10 years ago and . . . neither of them [have] returned to Sedgwick County, KS since that time. Father has visited son in Seattle. Most or all witnesses and evidence pertinent under K.S.A. 23-37,202(a)(1) are in Washington."

The district court went on to note in the minute order that "K.S.A. 23-37,207(a-c) apply and that factors clearly show that jurisdiction is appropriate in King County, WA." The district court, pursuant to K.S.A. 2015 Supp. 23-37,207(c), stayed the case "pending prompt commencement of proceedings in King County, WA." Father appeals.

4

Father requests that this court vacate the district court's order finding Kansas to be an inconvenient forum and transferring his case to Washington.

The outcome of this case is governed by provisions of the UCCJEA. K.S.A. 2015 Supp. 23-37,101 *et seq.* The UCCJEA provides that "[a] court in this state which has jurisdiction under this act to make a child-custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum." K.S.A. 2015 Supp. 23-37,207(a). We review a decision to exercise or decline jurisdiction under inconvenient forum principles for an abuse of discretion. *In re Adoption of Baby Boy M.*, 40 Kan. App. 2d 551, 557, 193 P.3d 520 (2008). An abuse of discretion occurs if discretion is guided by an erroneous legal conclusion or goes outside the framework of or fails to consider proper statutory limitations or legal standards. *Matson v. Kansas Dept. of Corrections*, 301 Kan. 654, 656, 346 P.3d 327 (2015). The party asserting the trial court abused its discretion bears the burden of showing such abuse of discretion. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106, *cert. denied* 134 S. Ct. 162 (2013).

There is no dispute that Kansas had jurisdiction to determine child custody of A.T. in 2005. Kansas also had continuing jurisdiction over the custody matter as long as Father resides in Kansas. See K.S.A. 2015 Supp. 22-37,202. But, as indicated above, Kansas was free to decline to exercise its jurisdiction if the court determined that based on all the circumstances, Kansas was an inconvenient forum. K.S.A. 2015 Supp. 23-37,207(a). However, before considering whether Kansas is an inconvenient forum, the district court was required to allow the parties to submit information and it was required to consider all relevant factors, including the eight factors enumerated in K.S.A. 2015 Supp. 23-37,207(b). Because the court failed to do so, we find that it abused its discretion.

The statute requires the court to consider whether domestic violence occurred, the length of time the child has resided out of state, the distance between the two forums, the parties' financial circumstances, any choice-of-jurisdiction agreement between the parties, the location of the evidence, the ability of the two courts to decide the issue, and the familiarity of the two courts with the facts and issues of the litigation. K.S.A. 2015 Supp. 23-37,207(b). Although the district court indicated in its journal entry that "K.S.A. 23-37,207(a-c) apply and that factors clearly show that jurisdiction is appropriate in King County, WA,"—indicating that the judge had considered each statutory factor—there is insufficient evidence in the record to support the court's finding. The only statutory factors the court discussed at the hearing were the length of time A.T. had lived in Seattle and the fact that evidence and testimony concerning childcare, personal relationships, and personal protection would be in Washington. Even if a full consideration of each factor may not make a difference in the final outcome, the court is required to consider each statutory factor to avoid a finding that it has abused its discretion. See *In re Adoption of Baby Boy M.*, 40 Kan. App. 2d at 559 (finding an abuse of discretion and remanding the case with directions that "[t]he analysis should include at a minimum the consideration of all statutory factors").

We recognize that appellate courts ordinarily presume that a trial court has made the necessary findings to support its judgment. Here, though, the record is inconsistent with that presumption, and we therefore refuse to make it. See *In re A.A.*, 51 Kan. App. 2d 794, 810, 354 P.3d 1205 (2015) (refusing to take jurisdiction over a child in need of care case from Mississippi because there was "no indication that the Mississippi court ever advised the parties that it was considering whether it had become an inconvenient forum or that it allowed the parties to submit information on the question").

As a final matter, we note that Father has requested throughout this proceeding that A.T.'s last name be changed to Anderson and that Father's name be placed on the birth certificate. Such an order was already made in this case in 2005. That order, signed

6

and agreed upon by both Mother and Father, ordered the birth certificate changed to reflect Kimario Anderson as the father and to change A.T.'s last name to Anderson. Based on presentation of a certified copy of the 2005 order to the Kansas Department of Health and Environment (KDHE) and subject to any further information KDHE requires, Father should be able to accomplish what he desires without any further order of this court or the district court. See http://www.kdheks.gov/vital/amend_birth_minors.html

Reversed and remanded with directions.